IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID JEROME CRAWFORD, ) <br> Reg. No. 11307-002, ) <br> ) <br>     Petitioner, ) <br> ) <br>     v. ) <br> ) <br> CCM-SPEIGHT, ) <br> ) <br>     Respondent. ) | CIVIL ACTION NO. 2:15-CV-277-MHT |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by David Jerome Crawford ("Crawford"), a federal inmate currently confined at the Elmore County Jail. In this petition, Crawford challenges the constitutionality of his removal from Dismas Charities, a federal halfway house, "for allege[d] insolence to a staff member." *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 2. Specifically, Crawford maintains that federal officials transferred him from the halfway house without due process as he did not receive timely notice of the incident report, was not advised of the facts in support of the decision implementing his transfer and was not provided a hearing on the matter prior to the transfer. *Id.* Crawford also challenges the manner in which the Bureau of Prisons manages the residential pre-release program. *Id.* at 4. Crawford "seek[s] reinstatement to Dismas Charities ... or ... immediate transfer to the BOP where [pre-release

counseling and management] will be afforded the petitioner...." *Id*. at 5.

## II.  DISCUSSION

By its express terms, the federal habeas statute provides a remedy only for claims which attack the fundamental legality of the underlying basis or duration of an inmate's confinement. 28 U.S.C. § 2241(a)(3) (writ of habeas corpus only extends to a prisoner whose custody is in violation of the Constitution or federal law); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (habeas corpus provides a remedy for challenges to the validity or length of confinement); *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1972) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."). The claims presented by Crawford do not in any way undermine the validity of his federal conviction or the duration of his current sentence. Moreover, Crawford has no constitutional right to confinement in a particular facility. *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (an inmate has no constitutionally protected interest in confinement at least restrictive penal facility for which he may be eligible because resulting restraints are not so severe that they exceed the sentence imposed upon him); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (no liberty interest arising from Due Process Clause in obtaining transfer to less secure environment because confinement in any facility "is within the normal limits or range of custody which the conviction has authorized the [government] to impose."); *Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983) (a prisoner has no constitutional right to be confined in a particular institution and may be subjected to transfer without implicating the Constitution).

Consequently, Crawford is entitled to no relief in this 28 U.S.C. § 2241 habeas action and the petition is therefore due to be summarily denied. *Starks v. Pettiford*, 78 Fed. Appx. 426 (5th Cir. 2003) (inmate petitioner challenging constitutionality of disciplinary action which resulted in transfer to a more secure facility but no loss of good time credits failed to "state[] a cognizable § 2241 claim.").[1]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The 28 U.S.C. § 2241 petition for habeas corpus relief be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before May 14, 2015 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

---

[1] Crawford is advised that his claims for relief *may* be appropriate for review in an action filed with this court pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of April, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE